Francis v NYSARC Inc.

2026 NY Slip Op 03361

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dwayne Francis, et al., Plaintiffs-Appellants,

v

NYSARC Inc. Doing Business as NYSARC Westchester County Chapter, et al., Defendants-Respondents, Patrick Nespolini, Defendant.

Decided and Entered: May 28, 2026

Index No. 810047/23|Appeal No. 6748|Case No. 2025-08090|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for appellants.

O'Malley & Padovani, Elmsford (Matthew French of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered on or about November 10, 2025, which, to the extent appealed from, denied plaintiffs' motion for summary judgment as to liability as against defendants Conroy A. Leslie and NYSARC Inc., and dismissing those defendants' tenth and twelfth affirmative defenses, unanimously reversed, on the law, without costs, and the motion granted.

In this action involving a motor vehicle chain collision, plaintiffs established their prima facie entitlement to summary judgment on the issue of liability against defendants Leslie and NYSARC by submitting evidence that the vehicle operated by Leslie and owned by NYSARC rear-ended defendant Nespolini's vehicle, which in turn rear-ended plaintiffs' vehicle (see Romero v Valdez, 198 AD3d 496, 496 [1st Dept 2021], lv dismissed 37 NY3d 1232 [2022]).

In opposition, Leslie and NYSARC failed to provide a nonnegligent explanation for the accident (see Deliz v Davis, 240 AD3d 406, 406 [1st Dept 2025]). Leslie testified that he was turning left into "bumper to bumper" traffic when an unidentified driver suddenly swerved from the parking lane into the traffic lane, causing all the cars in the traffic lane to come to an immediate stop. Even crediting Leslie's version of events, which is directly contradicted by the other drivers involved in the collision, Leslie failed to show that he maintained a safe distance between his vehicle and Nespolini's vehicle, which was directly in front of his (see id. at 407; Mirza v Tribeca Auto. Inc., 189 AD3d 448, 448 [1st Dept 2020]). Under the circumstances, Leslie and NYSARC's reliance on the emergency doctrine is unavailing (Vanderhall v MTA Bus Co., 160 AD3d 542, 542-43 [1st Dept 2018]).

In light of our determination that plaintiffs were entitled to summary judgment on the issue of liability, we need not reach the issue of whether Leslie and NYSARC's tenth and twelfth affirmative defenses, asserting, respectively, that plaintiffs were the sole proximate cause of the accident and failed to wear seatbelts, should have been dismissed. Were we to reach them, we would find that it is undisputed in the record that plaintiff's vehicle was stopped at the time of the accident and had maintained a safe distance from the vehicle in front of it, and that plaintiffs were wearing seatbelts.

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026